IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHARLENE M. ERVIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 10-886-SLR-SRF |
| CAROLYN W. COLVIN,[1] ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Pending before the court is a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), filed by plaintiff, Sharlene M. Ervin ("plaintiff"). (D.I. 28) Plaintiff filed her motion following the court's entry of an order granting her request to remand to the Commissioner for further proceedings. (D.I. 26) For the following reasons, I recommend that the court grant plaintiff's motion and award plaintiff attorney's fees in the amount of $7,827.00.

### II. BACKGROUND[2]

Plaintiff seeks attorney's fees for 42.6 hours at a rate of $183.75 per hour, totaling $7,827.00. (D.I. 28 at 1) In support of the motion, plaintiff has submitted an Affidavit of Gary L. Smith ("Affidavit"), her counsel in this matter, setting forth: (1) the dates on which counsel

---

[1] Carolyn W. Colvin became the Commissioner of Social Security on February 13, 2013, after this proceeding was initially filed. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin replaced the previous Commissioner, Michael J. Astrue, as the defendant in this case.

[2] A detailed account of the procedural history and factual background regarding this matter can be found in the court's Report and Recommendation dated August 30, 2013. (D.I. 23)

worked on this matter; (2) the activity undertaken on each such date; and (3) the total number of hours expended for the work performed on that date. (D.I. 28, Ex. 1) The Commissioner opposes plaintiff's request, arguing that the government's position was substantially justified. (D.I. 29) The Commissioner does not challenge the amount of the fees requested. (*Id.*)

### III. LEGAL STANDARD

The EAJA provides that "a prevailing party in a litigation against the government shall be awarded 'fees and other expenses . . . incurred by that party . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Williams v. Astrue*, 600 F.3d 299, 301 (3d Cir. 2009) (quoting 28 U.S.C. § 2412(d)(1)(A)). To defeat a prevailing party's application for fees, the government bears the burden of establishing that there is substantial justification for its position by demonstrating "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Id.* at 302. The court "must not assume that the government's position was not substantially justified because the government lost on the merits." *Kiareldeen v. Ashcroft*, 273 F.3d 542, 554 (3d Cir. 2001) (internal quotations and citations omitted).

### IV. ANALYSIS

The court must first determine if plaintiff is the "prevailing party." *See* 28 U.S.C. § 2412(d)(1)(A). The parties do not dispute that plaintiff is the prevailing party. On September 30, 2013, the court entered an order remanding plaintiff's application for further administrative proceedings. (D.I. 26) Plaintiff is therefore a prevailing party within the meaning of the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 302-03 (1993).

The Commissioner alleges that the government's position was substantially justified because plaintiff provided no evidence to support her assertion that she would require an accommodation for frequent hospitalization in the future or that she had required frequent hospitalization in the past. (D.I. 29 at 4) According to the Commissioner, the ALJ found that plaintiff experienced one to two episodes of decompensation, but specifically determined that plaintiff did not meet the requirements of the listings because she experienced "no documented repeated episodes of decompensation of any extended duration." (*Id.* at 5) (quoting D.I. 11, Tr. at 20-21) In light of these circumstances, the Commissioner contends that the ALJ committed no factual or legal error by failing to provide an accommodation for frequent hospitalization in the RFC assessment. (*Id.* at 4-6)

Plaintiff replies that the ALJ's position was not substantially justified under the EAJA because the court's September 30, 2013 order states that "[t]he duration and extent of such episodes of decompensation is pivotal to the question of plaintiff's ability to obtain and maintain employment; therefore, the ALJ's failure to even reference their existence leaves the court uncertain as to whether his ultimate decision is supported by substantial evidence." (D.I. 30 at 2)

In the Order entered following review of the Report and Recommendation, the court made two significant findings determinative of the outcome of the attorney's fee dispute. The findings are: (1) it is undisputed that plaintiff has suffered periods of decompensation; and (2) the ALJ failed to include in his hypothetical any reference to the recorded episodes of decompensation. The foregoing findings were the basis for granting plaintiff's motion for summary judgment and remanding the case for the Commissioner to further explore the impact of such recorded episodes of decompensation on plaintiff's RFC. Moreover, such findings support an award of attorney's fees to plaintiff.

The Commissioner has not met its burden of establishing substantial justification pursuant to the three-pronged analysis. First, the Commissioner has not established a reasonable basis in truth for the facts alleged because she failed to include record evidence to support the conclusory statement that plaintiff's "one to two episodes of decompensation . . . were neither repeated nor of extended duration." (D.I. 29 at 4) Second, the Commissioner has not established a reasonable basis in law because the listing sets the criteria for repeated episodes of decompensation. 20 C.F.R. pt. 404, subpt. P, app. 1, Listing 12.00C.4. Consequently, it is a vocationally relevant limitation which should have been included in the hypothetical. *Ramirez v. Barnhart*, 372 F.3d 546, 552 (3d Cir. 2004) ("[A]n ALJ's hypothetical must include all of a claimant's impairments" that are supported by the record). Third, the Commissioner has failed to establish a reasonable connection between the facts alleged and the legal theory advanced. The ALJ's failure to mention the episodes of decompensation in the hypothetical renders the record unclear as to plaintiff's RFC. Consequently, the Commissioner has not satisfied any of the three prongs of the analysis to persuade the court that substantial justification exists.

In light of the pivotal nature of the ALJ's omission, the Commissioner's position is not substantially justified. Therefore, I recommend that the court grant plaintiff's motion for attorney's fees. This Report and Recommendation does not address nor suggest an outcome on the merits upon remand.

## V. CONCLUSION

For the reasons stated, I recommend that the court grant plaintiff's motion. (D.I. 28)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.

Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the Court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available at http://www.ded.uscourts.gov/court-info/local-rules-and-orders/general-orders.

Dated: June 4, 2014

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE